## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| Tanya Simpson, | : |
| | : |
| | : Civil Action No.: 1:13-cv-02666 |
| Plaintiff, | : |
| v. | : |
| | : |
| Friedman & Associates, LLC ; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, Plaintiff, Tanya Simpson, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     Plaintiff, Tanya Simpson ("Plaintiff"), is an adult individual residing in Parkville, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Friedman & Associates, LLC  ("Friedman"), is a Maryland business entity with an address of 100 Owings Court, Suite 4, Reisterstown, Maryland 21136, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Friedman and

whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Friedman at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.     Plaintiff allegedly incurred a financial obligation referred to hereafter as (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Friedman for collection, or Friedman was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Friedman Engages in Harassment and Abusive Tactics

12.     On or about July 16, 2013, Friedman contacted Plaintiff in an attempt to collect the Debt.

13.     During this initial telephone conversation, Friedman failed to disclose that it was a debt collector attempting to collect the Debt and that any information obtained would be used for that purpose.

14.     In addition, Friedman called Plaintiff's place of employment and left a voicemail message stating that Plaintiff had a criminal case and charges against her.

15.     Thereafter, Plaintiff instructed Friedman to cease calling her work number.

16.     Nonetheless, Friedman continued calling Plaintiff's place of employment in an

2

attempt to collect the Debt.

17.     On one occasion, Friedman spoke with Plaintiff's employer and stated that Plaintiff was facing criminal charges.

18.     The repeated calls to Plaintiff's place of employment caused her a great deal of stress and embarrassment.

**C.  Plaintiff Suffered Actual Damages**

19.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

20.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place known to be inconvenient for Plaintiff.

23.     Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at her place of employment.

24.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants disclosed details regarding the Debt to Plaintiff's employer.

25.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

26.     Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a

phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

27.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

28.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff, without the ability to do so.

29.     Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely represented that Plaintiff had committed a crime.

30.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

31.     Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that a communication was an attempt to collect the Debt.

32.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

33.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

34.     Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, *et seq.*

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

37.     The debt is a "consumer transaction" as defined by MD. Code Comm. Law § 14-

4

201(c).

38.     Defendants threatened criminal prosecution against Plaintiff, in violation of MD. Code Comm. Law § 14-202(2).

39.     Defendants disclosed information to a person other than Plaintiff or her spouse which affected Plaintiff's reputation, in violation of MD. Code Comm. Law § 14-202(5).

40.     Defendants repeatedly contacted Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

41.     Defendants attempted to claim and enforce a right which Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

42.     Plaintiff suffered emotional distress and mental anguish as a result of Defendants' repeated contact.

43.     Plaintiff is entitled to damages proximately caused by Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b); and

6.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 13, 2013

                            Respectfully submitted,

                            By   */s/ Sergei Lemberg*
                            Sergei Lemberg, Esq.
                            LEMBERG & ASSOCIATES L.L.C.
                            1100 Summer Street, 3rd Floor
                            Stamford, CT 06905
                            Telephone: (203) 653-2250
                            Facsimile:  (203) 653-3424
                            ATTORNEYS FOR PLAINTIFF

6